UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI MOHAMMADI )<br>51 North Orchard Way )<br>Potomac, MD 20854 )<br>CIS File No. A024 369 584, )<br>  )<br>  Plaintiff )<br>v. )<br>  )<br>JONATHAN SCHARFEN, Acting Director )<br>U.S. Citizenship and Immigration Services, )<br>In his official capacity as well as his successors )<br>and assigns, )<br>20 Massachusetts Avenue, N.W. )<br>Washington, DC 20529 )<br>  )<br>MICHAEL CHERTOFF, Secretary )<br>U.S. Department of Homeland Security, )<br>In his official capacity as well as his successors )<br>and assigns, )<br>425 Murray Drive, Building 410 )<br>Washington, DC 20528 )<br>  )<br>ROBERT S. MUELLER, Director )<br>Federal Bureau of Investigation, )<br>In his official capacity as well as his successors )<br>and assigns, )<br>J. Edgar Hoover Building )<br>935 Pennsylvania Avenue, N.W. )<br>Washington, DC 20535, )<br>  )<br>  Defendants )<br>  ) | Civil No. |

## COMPLAINT FOR DECLARATORY, MANDATORY AND INJUNCTIVE RELIEF

The plaintiff, ALI MOHAMMADI, by counsel, complains of the defendants,

JONATHAN SCHARFEN, Acting Director, U.S. Citizenship & Immigration Services;

MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security; and ROBERT S.

MUELLER, Director, Federal Bureau of Investigation, as follows:

## PREFATORY STATEMENT

1. This is an action in the nature of mandamus for declaratory and injunctive relief to compel the defendants and those acting under them to immediately and forthwith take all appropriate actions to adjudicate Plaintiff Ali Mohammadi's application for naturalization, Form N-400, which was properly filed and received by the defendants, the United States Department of Homeland Security ("DHS"), United States Citizenship & Immigration Services ("USCIS"), on July 20, 2006. *Exh. 2* (Receipt Notice from USCIS). The N-400 application for naturalization remains pending within the jurisdiction of the defendants, who have improperly withheld action and adjudication for over two years, to the detriment of the rights and privileges of the plaintiff, Mr. Ali Mohammadi.

## I. JURISDICTION

2. This Court has jurisdiction pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 2201, 2202 (action for declaratory judgment) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the plaintiff and to compel the defendants to perform a duty that the defendants owe to the plaintiff. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

3. Jurisdiction is also conferred by 5 U.S.C. §§ 702 and 704, originally part of the Administrative Procedure Act ("APA"). An agency has a duty to conclude a matter presented to it within a "reasonable time." 5 U.S.C. § 555(b). "Accordingly, the scope of judicial review includes 'compel[ling] agency action unlawfully withheld or unreasonably delayed. [5 U.S.C.]

2

§ 706(1)." *Liu v. Novak*, 509 F. Supp.2d 1, 9 (D.D.C. 2007) ("[T]he Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonable delayed adjudicating his application.")

    4. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. Section 242(a)(5) of the INA, 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provisions of this Act[.]" As the present action is not an action to review a removal order but simply an action to compel the defendants from USCIS to adjudicate a long and unreasonably delayed N-400 application for naturalization, this Court retains original jurisdiction under 28 U.S.C. § 1361. Furthermore, section 242(a)(2)(B) of the INA, 8 U.S.C. § 1252(a)(2)(B), provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified…to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because "the failure to adjudicate" a properly filed application for naturalization is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original jurisdiction over this claim. *See Liu v. Novak*, 509 F. Supp. at 7 ("[T]he Court concludes that § 1252(a)(2)(B)(ii) does not eliminate this Court's jurisdiction over plaintiff's claim.")

## II. VENUE

5. Venue is proper under 28 U.S.C. § 1391(e) because this is an action brought against officers and agencies of the United States in their official capacities, brought in the district where all of the defendants maintain their offices and where a substantial part of the events or omissions giving rise to the plaintiffs' claim occurred; namely, the policies and procedures that give rise to the unreasonable delay in the adjudication of the plaintiff's naturalization application are developed and issued by Defendants Scharfen, Chertoff and Mueller.

## III. PARTIES

6. The plaintiff ALI MOHAMMADI is a national of Iran, who has been a lawful permanent resident of the United States since November 17, 1983. He resides at 51 North Orchard Way, Potomac, MD 20854.

7. The defendant JONATHAN SCHARFEN is the Acting Director of USCIS who is sued in his official capacity, as well as his successors and assigns. USCIS is the agency of the U.S. Department of Homeland Security responsible for adjudicating applications for naturalization under the Immigration and Nationality Act and has the authority to naturalize persons as citizens of the United States, by delegation of the Attorney General, pursuant to 8 U.S.C. § 1421(a). *See also* 8 C.F.R. § 310.1.

8. The defendant MICHAEL CHERTOFF is the Secretary of the U.S. Department of Homeland Security ("DHS"). He is sued in his official capacity, as well as his successors and assigns. The DHS oversees the operations of Defendant USCIS.

9. The defendant ROBERT S. MUELLER is the Director of the Federal Bureau of Investigation ("FBI"). He is sued in his official capacity, as well as his successors and assigns. The FBI's duties are to ensure the timely completion of all requests for security background checks from the USCIS.

## IV. CAUSE OF ACTION

### A. Background Facts

10. The plaintiff has been a lawful permanent resident of the United States since November 17, 1983, *Exh. 1*. He applied for naturalization with Defendant USCIS on July 20, 2006. *Exh. 2*. The receipt notice issued by USCIS on July 27, 2006 states that "[y]ou will be notified of the date and place of your interview when you have been scheduled by the local USCIS office. You should expect to be notified within 180 days of this notice." *Exh. 2*. According to USCIS' notice, the plaintiff should have therefore been notified of an interview by January 27, 2007. As of the date of this Complaint, the plaintiff has not been notified of an interview for his application for naturalization.

11. On July 28, 2006, USCIS issued a Fingerprinting Notification directing the plaintiff to appear on August 16, 2006 at the USCIS Application Center for his biometrics. The plaintiff complied with that requirement. *Exh. 3*.

12. Due to the delay in adjudicating his application for naturalization, the plaintiff enlisted the assistance of Congressman Chris Van Hollen to inquire into the status of his pending application. On August 7, 2007, Congressman Van Hollen advised Mr. Mohammadi that he has been notified by USCIS that Mr. Mohammadi's application for naturalization was awaiting completion of all background security checks. *Exh. 4*.

13. An online inquiry done on August 8, 2008 shows the application remains pending at the Vermont Service Center. *Exh. 5.*

14. Former USCIS Director Emilio T. Gonzalez, in a statement dated March 14, 2008, declared that the average processing time for naturalization applications is 14-16 months. *Exh. 6.* In a News Release dated April 2, 2008, USCIS projects processing times of 13-15 months. *Exh. 7.*

15. The plaintiff has complied with all requests made by the USCIS. The defendants have not given the plaintiff any reason why the plaintiff's background security check has been pending for over two years without being properly completed.

### B. Claims

16. The defendants' continuing delay of 25 months and counting in failing to adjudicate the plaintiff's application for naturalization is per se unreasonable, especially in light of the average USCIS-stated processing time varying from 13 to 16 months.

17. The D.C. District Court in *Liu v. Novak, supra*, has held that a four-year delay in adjudicating an application for adjustment of status due to security background checks was unreasonable. The *Liu* Court relied on the holding of *Telecommunications Research & Action Center("TRAC") v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) to identify the factors relevant in determining whether agency delay is unreasonable:

> (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find "any impropriety lurking

> behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Liu v. Novak,* 509 F. Supp. 2d at 9, *citing Telecommunications Research & Action Center v. FCC*, *supra* at 80 (citations omitted).

18. In *Liu, supra*, Judge Sullivan ruled that with regard to the first TRAC factor, a four-year delay for a name check process described by the defendants "as one where data is primarily retrieved from an electronic database, and only occasionally from paper records," to be unreasonable. *Id.* at 9. A two-year delay in the plaintiff's case for the same reason is similarly unreasonable. Judge Sullivan at footnote 4 noted that "Congress has not provided a timetable for this action [adjustment application], so the second TRAC factor is inapplicable." *Id.* Similarly, Congress has not provided a specific timetable for adjudication of naturalization applications, so the second TRAC factor is inapplicable to the case at bar.

19. Judge Sullivan in *Liu* has further ruled that—

> With regard to the third and fifth TRAC factors, […] [t]he inability to obtain permanent resident status affects a wide range of important rights." [citing *Singh v. Still*, 470 F.Supp.2d 1064, 1070 (N.D.Cal.2007)]. For example, the delay prejudices plaintiff's ability to petition to immigrate close family members and adversely impacts his ability to seek United States citizenship. *See id.* Thus, these factors weigh in favor of finding the delay unreasonable.

*Liu v. Novak, supra* at 10. The delay in adjudicating his application for naturalization greatly prejudices the plaintiff. It will prevent him from voting in the upcoming presidential election. It also prevents him from filing immediate relative petitions on behalf of qualifying family members who may rejoin him. Finally, regarding the fifth TRAC factor, like the plaintiff in *Liu, supra*, Plaintiff Ali Mohammadi is not the subject of any active investigation.

20. The name check system has been described by the defendants in other cases as being prioritized in order of application date. *See Liu v. Novak,* 509 F. Supp. at 10. Such a prioritization by application date was not followed in the case of Plaintiff Ali Mohammadi, whose security background check has been pending for two years, while thousands of other cases filed after his have had their background checks completed and their applications for naturalization adjudicated.

21. Plaintiff's application for naturalization has been neglected by the defendants and the present two-year delay in adjudicating such application is clearly unreasonable.

## PRAYER

WHEREFORE, Plaintiff prays that this Court:

I. Compel the defendants and those acting under them to perform their duty to adjudicate the plaintiff's application for naturalization within a reasonable time of no more than 30 days;

II. Declare the defendants' continued delay and inaction violates the APA;

III. Grant reasonable attorney's fees and costs of court under the Equal Access to Justice Act;

IV. Grant such other and further relief as this Court deems proper.

Respectfully submitted,

8/19/2008

THOMAS A. ELLIOT, D.C. BAR # 259713
ELLIOT & MAYOCK
1666 Connecticut Avenue NW, 5th Floor
Washington D.C. 20009
(202) 429 1725

8



```
24369584 11 06 755 942 22141

3181 06502 45413 96457 79707

111783 249 087 13530 3604722
```

Case 1:08-cv-01441-RMU   Document 1-2   Filed 08/19/2008   Page 2 of 2

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

| | |
|---|---|
| Receipt with Exception | **NOTICE DATE**<br>July 27, 2006 |
| **CASE TYPE**<br>N400   Application For Naturalization | **USCIS A#**<br>A 024 369 584 |
| **APPLICATION NUMBER**<br>ESC*001676433 | **RECEIVED DATE**<br>July 20, 2006 | **PRIORITY DATE**<br>July 20, 2006 | **PAGE**<br>1 of 1 |

**APPLICANT NAME AND MAILING ADDRESS**
ALI MOHAMMADI
51 N ORCHARD WAY
POTOMAC MD  20854

PAYMENT INFORMATION:

Single Application Fee:        $400.00
Total Amount Received:      $400.00
Total Balance Due:               $0.00

ılıllııılıılıılılıl

The above application has been received by our office and is in process, but has been noted with one or more of the following exception(s):
Missing Evidence(s) - your application was missing evidence(s) that you will need to provide at the time of your naturalization interview. You will be notified under separate notice of the necessary evidence(s) that you will be required to bring to your interview. Do not submit any evidence(s) by mail.

Our records indicate your personal information is as follows:
Date of Birth:                  February 13, 1957
Address Where You Live:   51 N ORCHARD WAY
                                      POTOMAC MD 20854

Please verify your personal information listed above and immediately notify our office at the address or phone number listed below if there are any changes.

You will be notified of the date and place of your interview when you have been scheduled by the local USCIS office. You should expect to be notified within   180 days of this notice.

**IMPORTANT NOTICE:**        All naturalization applicants who were between the ages of 14-75 at the time of filing must have their fingerprints taken at a USCIS Application Support Center (ASC) so they can be submitted to the Federal Bureau of Investigation for a criminal history check. If we received your application without a fingerprint card (FD-258), or your fingerprint card was received on or after December 3, 1997, you will need to go to an ASC to be fingerprinted. Do not have your fingerprints taken anywhere else. You will receive a notice that will provide you with information about when and where to go to have your fingerprints taken, and what you will need to bring with you. Please inform the office listed below immediately of any address changes.

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

If you have other questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**.

If you have access to the Internet, you can also visit USCIS at **www.uscis.gov**. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

**USCIS Office Address:**
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
75 LOWER WELDEN STREET
ST ALBANS VT 05479-

**USCIS Customer Service Number:**
(800) 375-5283

APPLICANT COPY

ESC$001661060



Form I-797C (Rev. 01/31/05) N

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

| | |
|---|---|
| Fingerprint Notification | **NOTICE DATE**<br>July 28, 2006 |
| **CASE TYPE**<br>N400    Application For Naturalization | **USCIS A#**<br>A 024 369 584 |
| **APPLICATION NUMBER**<br>ESC*001676433 | **RECEIVED DATE**<br>July 20, 2006 | **PRIORITY DATE**<br>July 20, 2006 | **PAGE**<br>1 of 1 |

**APPLICANT NAME AND MAILING ADDRESS**

ALI MOHAMMADI
51 N ORCHARD WAY
POTOMAC MD 20854

To process your application, USCIS must take your fingerprints and have them cleared by the FBI. **PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.** If you are unable to do so, complete the bottom of this notice and return the entire original notice to the address below. **RESCHEDULING YOUR APPOINTMENT WILL DELAY YOUR APPLICATION. IF YOU FAIL TO APPEAR AS SCHEDULED BELOW OR FAIL TO REQUEST RESCHEDULING, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER | DATE AND TIME OF APPOINTMENT |
|---|---|
| CIS GLENMONT<br>12331-C GEORGIA AVE.<br>GLENMONT PLAZA<br>WHEATON MD 20906 | 08/16/2006<br>10:00 AM |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR FINGERPRINTS TAKEN, YOU MUST BRING:**
1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Registration Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, you will not be fingerprinted.

**PLEASE DISREGARD THIS NOTICE IF YOUR APPLICATION HAS ALREADY BEEN GRANTED.**

### REQUEST FOR RESCHEDULING

Please reschedule my appointment for the next available:    ☐ Wednesday afternoon    ☐ Saturday afternoon

USCIS cannot guarantee the day preferred, but will do so to the extent possible.
Upon receipt of your request, you will be provided a new appointment notice. Please mail your request to:

CIS GLENMONT
12331-C GEORGIA AVE.
GLENMONT PLAZA
WHEATON MD 20906

If you have any questions regarding this notice, please call 1-800-375-5283.    APPLICANT COPY

**APPLICATION NUMBER**
ESC*001676433

**WARNING!**
*Due to limited seating availability in our lobby areas, only persons who are necessary to assist with transportation or completing the fingerprint worksheet should accompany you.*

Form I-797C (Rev. 01/31/05) N

CHRIS VAN HOLLEN
8TH DISTRICT, MARYLAND

COMMITTEE ON
WAYS AND MEANS

COMMITTEE ON OVERSIGHT AND
GOVERNMENT REFORM

**Congress of the United States**
**House of Representatives**
Washington, DC 20515

1127 LONGWORTH HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-5341

DISTRICT OFFICES
51 MONROE STREET, #507
ROCKVILLE, MD 20850
(301) 424-3501

SUITE C-201
6475 NEW HAMPSHIRE AVENUE
HYATTSVILLE, MD 20783
(301) 891-6982

www.vanhollen.house.gov

August 7, 2007

Mr. Ali Mohammadi
51 N. Orchard Way
Potomac, MD 20854

Dear Mr. Mohammadi:

I am writing to give you an update on the status of your application for naturalization.

I have been notified by the United States Citizenship and Immigration Services that the application is still awaiting completion of all background security checks. These background checks are conducted with several different systems and government agencies and must be cleared before the application can proceed. Unfortunately, USCIS cannot provide an estimated time for completion of this clearance. However, USCIS has assured me that all cases with pending security background checks are checked regularly for clearance.

I understand that you are frustrated by the progress of this application. I share your frustration with certain aspects of this process, and my office will continue to offer any assistance it can. Once a final decision is made on the application, you will be notified directly by USCIS. I would appreciate it if you would inform me once you have received notice from USCIS so that my office may track the status of this application.

USCIS has adopted background security check procedures that address a wide range of possible risk factors, requiring various levels of scrutiny based on the type of application under consideration. I have been advised that USCIS relies primarily on three background check mechanisms: the Interagency Border Inspection System (IBIS) name check, the FBI fingerprint check, and the FBI name check. For the vast majority of applicants, these mechanisms allow USCIS to quickly determine whether there are any criminal or security-related eligibility issues. In the remaining cases, often referred to as "pending," a match of some kind has been identified and must be resolved before any decision can be made on the application. USCIS does not share with applicants or anyone else, including Members of Congress, information regarding the specific nature of the match or the nature or status of any investigation.

The objective of these background checks is to allow USCIS to safeguard the public by screening out individuals improperly seeking immigration. While these background checks require time, resources, and patience, the vast majority are ultimately resolved in the applicant's favor. I have been reassured that USCIS is committed to processing cases within a reasonable period of time. In some cases, I am advised, security concerns prevent the case from being immediately concluded. USCIS has assured me that it is seeking to resolve this case as quickly as possible.

Mr. Ali Mohammadi
August 7, 2007
Page 2

    I know that this process is frustrating, but I hope that this information is helpful to you. If you have any questions, please contact Miti Figueredo in my Rockville office at (301) 424-3501.

Sincerely,

Chris Van Hollen
Member of Congress

CVH/ mf

# Case Status Search

Receipt Number:   esc*001676433

Application Type:   N400, APPLICATION FOR NATURALIZATION

Current Status:
Case received and pending.

On July 24, 2006, we received this N400 APPLICATION FOR NATURALIZATION, and mailed you a notice describing how we will process your case. Please follow any instructions on this notice. We will notify you by mail when we make a decision or if we need something from you. If you move while this case is pending, call customer service. We process cases in the order we receive them. You can use our processing dates to estimate when yours will be done. This case is at our VERMONT SERVICE CENTER location. Follow the link below to check processing dates. You can also receive automatic e-mail updates as we process your case. Just follow the link below to register.

If you have a question about case status information provided via this site, or if you have not received a decision from USCIS within the current processing time listed, please contact the USCIS Customer Service at (800) 375   5283 or 1-800-767-1833 (TTY).

Office of Communications

U.S. Citizenship and Immigration Services

# STATEMENT

March 14, 2008

    On March 11, I announced to members of the House Appropriations Committee that U.S. Citizenship and Immigration Services (USCIS) had lowered its original processing projections for naturalization applications. Individuals who filed for citizenship during the summer of 2007 can now anticipate an average processing time of 14-16 months for these applications. That's a marked improvement from the 16-18 months projection we announced in January.

    During FY 2007, we received approximately 1.4 million naturalization applications. In the months of June and July of 2007 alone, we experienced an increase of nearly 350 percent compared to the same period in 2006. In addressing the significant increase in naturalization cases, and the unprecedented increase in all immigration applications and petitions, the professionalism and hard work of nearly 17,000 dedicated USCIS employees and contractors have been evident.

    I am proud of our accomplishments. Still, we remain committed to doing even better. And, we will continue to improve while maintaining our commitment to the integrity of the immigration process and national security requirements.

*Emilio T. Gonzalez*
*Director*
*U.S. Citizenship and Immigration Services*
*Department of Homeland Security*

– USCIS –



*Office of Communications*
U.S. Department of Homeland Security

U.S. Citizenship and Immigration Services

# News Release

April 2, 2008

## USCIS UPDATES PROJECTED NATURALIZATION CASE PROCESSING TIME
*Agency To Complete 36-percent More Naturalization Cases Than Last Year*

WASHINGTON – U.S. Citizenship and Immigration Services (USCIS) announced today that it will finish more than one million naturalization cases during fiscal year 2008 – far exceeding the number of cases completed last year. This update comes following a thorough analysis of the work completed during the last six months.

"By the end of the year, I expect USCIS will have finished 36 percent more naturalization cases than last year without compromising national security or the integrity of the naturalization process," said USCIS Director Emilio Gonzalez.

The agency recently updated the expected time it will take to complete naturalization cases, projecting processing times averaging 13-15 months. That's a three month improvement from the 16-18 month projection that USCIS made six months ago.

A critical component of the strategy for addressing this workload is to quickly grow the capacity to handle the influx of additional cases. That includes expanding the USCIS workforce by adding nearly 3,000 new employees, detailing employees to work in the most heavily affected offices, quadrupling the funding for overtime and using Asylum Office facilities and staff to conduct naturalization interviews.

Last summer, USCIS received an unprecedented number of applications and petitions for immigration benefits. During June, July and August alone, USCIS received nearly three million filings, compared to 1.8 million filings during the same period the previous year. This sudden surge included 1.4 million naturalization applications last year – 460,000 in July alone. While historically filing increases have occurred in advance of fee increases, Presidential elections, immigration debates and new legislation, none of the past increases are close to the magnitude of the last summer's surge.

– USCIS

www.uscis.gov

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
MOHAMMADI, Ali

## DEFENDANTS
Scharfen, Jonathan, USCIS
Chertoff, Michael, DHS
Mueller, Robert, FBI

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas A. Elliot
Elliot & Mayock
1666 Connecticut Avenue, NW, 5th Floor
Washington D.C. 20009
(202) 429 1725

Case: 1:08-cv-01441
Assigned To : Urbina, Ricardo M.
Assign. Date : 8/19/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

⊙ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

/S/

| ○ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br> *(If pro se, select this deck)* | ○ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ○ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ○ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
☒ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
8 U.S.C Sec. 1361, 5 U.S.C. Sec. 702, 704

VII. REQUESTED IN COMPLAINT  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

VIII. RELATED CASE(S) IF ANY  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form

DATE 08/13/2008   SIGNATURE OF ATTORNEY OF RECORD /s/ [signature]

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence. Use 11001 to indicate plaintiff is resident of Washington, D.C., 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.